UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUCEBIO TORRES,<br><br>                   Plaintiff,<br><br>v.<br><br>OFFICER G. PAREDES, et al.,<br><br>                   Defendants. | Case No.: 22-cv-448-JES-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>**ECF No. 17** |

Defendants C. Valencia; S. Moore; R. Madden; Y. Castillo; G. Paredes; and T. Carranza filed a motion to dismiss Plaintiffs First Amended Complaint ("FAC") on various grounds, including failure to state a claim as to Defendant C. Valencia in the first cause of action; failure to state a claim for supervisory liability as to all Defendants in the second cause of action; and failure to state a claim as to Defendants G. Paredes and C. Valencia in the fourth cause of action. For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff was an inmate at Centinela State Prison ("CDCR-CEN"). In 2020, inmates who were once segregated at sensitive needs yards and housed separately were being commingled with general population inmates in the MSF Program ("Facility E"). FAC ¶ 24. On October 29, 2020, Plaintiff along with two other inmates were transferred from

1

Facility A, a general population program to Facility E. FAC ¶¶ 2, 23-24. During the transfer process, the three men were informed of the program expectations and were then placed in temporary holding cells in an unnamed sergeant's office. FAC ¶¶ 23-27. While in the holding cell, the unnamed transporting officers asked Plaintiff and the two other inmates, "are you guys going to win the fight?" FAC ¶ 28. Then the unnamed transporting officers and the unnamed sergeant commented that MSF inmates were taking over general population as some form of retaliation for past events. FAC ¶ 28. The unnamed officers and the unnamed sergeant elaborated further and said that if Plaintiff and his fellow general population inmates win their respective fights, general population would be down by one fight. FAC ¶ 29. Plaintiff's group of three was instructed by the unnamed transporting officers and unnamed supervising sergeant that "they had to make the general population look good." FAC ¶ 29.

Plaintiff and his two fellow general population inmates were sent individually into Facility E and prior to Plaintiff entering Facility E, he was told by one of the unnamed transporting officers that Plaintiff had to "come through with a win." FAC ¶¶ 30-31. When Plaintiff arrived at Facility E, he was transferred to Defendant Paredes' custody and as soon as Plaintiff arrived at Facility E, he saw a group of four male inmates in a circle, awaiting his arrival. FAC ¶¶ 32-33. The four inmates were shirtless and wearing hand wraps. FAC ¶ 33. As Plaintiff put down his property, one of the four inmates, inmate Ballez, moved closer to Plaintiff, his body language "threatening," and yelled at Plaintiff, "are you staying," and if you are staying, "fuck GP!" FAC ¶ 34. Inmate Ballez then punched Plaintiff on the side of his head and a second inmate hit Plaintiff. FAC ¶ 34. Plaintiff then fell to the floor and covered his face and head and remained there in a fetal position during the attack on him by the group of four inmates. FAC ¶ 34. During the incident, Defendant Paredes and the unnamed transporting officers stood and watched and did not attempt to intervene. FAC ¶ 35.

Plaintiff was initially taken to the prison medical facility and after an examination it was determined that Plaintiff should be seen at a medical facility outside of the prison

complex, so Plaintiff was taken to Pioneer Hospital in Centinela and was transported by ambulance to the University of California San Diego Hospital ("UCSD"). FAC ¶ 36. Plaintiff was hospitalized at UCSD for approximately two weeks and underwent several surgeries to his face. FAC ¶ 37. After his release from UCSD, Plaintiff was returned to CDCR-CEN and alleges that "in order to cover up Defendants' wrongful actions, Defendant Paredes prepared and submitted a fabricated rules violation report accusing Plaintiff of a battery on a prisoner." FAC ¶ 39.

Plaintiff alleges that Defendant Paredes made "no mention of Mr. Torres' injuries or how Mr. Torres sustained the serious injuries that required emergency medical treatment, multiple surgeries, hospitalization, and post-discharge medical treatment." FAC ¶ 39. Plaintiff then alleges that Sergeant Valencia "concealed his knowledge about and involvement in the incident … [and] failed to submit a supplemental report about the incident and approved the fabricated rules violation report authored by Defendant Paredes." FAC ¶ 40. Further, Plaintiff alleges that Sergeant Valencia "participated in and knew about or should have known about the violence that was planned, instigated, encouraged, and facilitated by certain correctional officers under his supervision." Comp. ¶ 6.

Plaintiff also alleges that Facility Captain T. Carranza classified a "falsified rules violation report authored by Defendant Paredes in connection with the … attack on Mr. Torres … [as] Captain Carranza failed to initiate a full and proper inquiry into the incident." FAC ¶ 41. Based on the rules violation report ("RVR"), Plaintiff received a punishment of confinement to quarters for 10 days and a 90-day loss of good time credit, which extended his incarceration at CDCR-CEN. FAC 42. Plaintiff was released from custody in December of 2021. FAC ¶ 43. Plaintiff sustained multiple injuries to his face and head, including several fractures and suffers from frequent headaches, sensitivity to light and sound, blurred vision, periodic bouts of dizziness and balance issues, and drainage of blood from his mouth during sleep. FAC ¶ 44.

In his first cause of action, Plaintiff alleges that Defendants Paredes, Valencia and Doe 1 through Doe 5 acted jointly and in concert with one another to deprive Plaintiff of his constitutional rights under the Eighth Amendment by being deliberately indifferent to the violence in Facility E and failing to prevent harm to Plaintiff. FAC ¶¶ 54-57. Further, Defendants maliciously prosecuted Plaintiff on fabricated evidence and punished him by extending his incarceration and confining him to his quarters. ¶ 58. In his second cause of action, Plaintiff alleges that Defendants Valencia, Carranza, Castillo, Madden, Moore and Doe 6 through Doe 10 deprived Plaintiff of his constitutional rights under the Eighth Amendment under supervisory liability. FAC ¶¶ 64-66. Plaintiff alleges that "prior incidents of excessive force and violence against inmates caused by the wrongful conduct of CDCR-CEN officers were reported or otherwise brought to the attention of the command staff at CDCR-CEN … [but] its supervisors and command staff failed to take appropriate corrective action to remedy such violations." FAC ¶ 67. In his third cause of action, Plaintiff alleges that Defendants Paredes, Valencia, Castillo and Doe 1 through Doe 10 deprived Plaintiff of his constitutional rights under the Fourteenth Amendment by "manufacturing false evidence against Plaintiff." FAC ¶¶ 75-77. In his fourth cause of action, Plaintiff alleges that Defendants Paredes, Valencia and Doe 1 through Doe 5 violated the Bane Act.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). A court must accept all factual allegations pleaded in the complaint as true and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–338 (9th Cir. 1996). However, a court need not accept conclusory allegations as true, but "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

      A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Plausibility requires pleading facts, as opposed to conclusory allegations, which rise above the mere conceivability or possibility of unlawful conduct. *Twombly*, 550 U.S. at 555.

      Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To comply with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Factual allegations must be "enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal, supra*, 556 U.S. at 679.

      When a complaint fails to state a claim as set forth above, a plaintiff may seek leave to amend to cure its deficiencies. Federal Rule 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). In deciding whether to grant leave to amend, the court considers the following factors: the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility

of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

### III. DISCUSSION

#### A. First Cause of Action

Defendant argues that the first cause of action should be dismissed as to Defendant C. Valencia because he was not present during the incident on October 29, 2020, and the ten-day confinement to quarters and 90 days loss of good time credits do not support an Eighth Amendment violation.

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy* 844 F.2d 628, 633 (9th Cir. 1988) *quoting Johnson v. Duffy* 588 F.2d 740, 743 (9th Cir. 1978). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.*

Plaintiff's 42 U.S.C. § 1983 claim alleges a violation of the Eighth Amendment under a deliberate indifference theory. A prisoner can state a section 1983 claim against prison personnel under the eighth amendment by establishing that the prison personnel acted with "deliberate indifference" in creating the condition that violates the eighth amendment. *Leer,* 844 F.2d at 633, *See Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986). The "deliberate indifference" standard requires proving some degree of

"individual culpability," but does not require proof of an express intent to punish. *Berg, supra*, citing *Haygood v. Younger*, 769 F.2d 1350, 1354-1355 (9th Cir. 1985). When inmates seek to hold an individual defendant personally liable for damages, the causation inquiry between the deliberate indifference and the eighth amendment deprivation must be more refined. *Leer,* 844 F.2d at 633. In order to resolve this causation issue, we must take a very individualized approach which accounts for the duties, discretion, and means of each defendant, the prisoner must establish individual fault. *Berg,* 794 F.2d at 460. The prisoner must set forth specific facts as to each individual defendant's deliberate indifference. *Id.* at 460-461.

The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates. *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff's FAC spans 21 pages and in those pages, he recounts the details surrounding the incident on October 29, 2020, while being transferred from Facility A to Facility E. He recites the actions of several unnamed detention officers, an unnamed sergeant, and Defendant Paredes. However, Plaintiff does not describe with any degree of specificity the actions of Defendant Valencia in moving him from Facility A to Facility E. In fact, Plaintiff only mentions Defendant Valencia twice in the FAC. Plaintiff alleges that Sergeant Valencia "participated in and knew about or should have known about the violence that was planned, instigated, encouraged, and facilitated by certain correctional officers under his supervision." FAC ¶ 6. Further, Plaintiff alleges that "Sergeant Valencia concealed his knowledge about and involvement in the incident. Sergeant Valencia failed to submit a supplemental report about the incident and approved the fabricated rules violation report authored by Defendant Paredes." FAC ¶ 40. In the remainder of the FAC, there is no other reference to Sergeant Valencia's individual

actions that led to the incident on October 29, 2020. Plaintiff does not allege that Sergeant Valencia was present on October 29, 2020, and does not allege any specific facts from which an inference could be drawn that a substantial risk of serious harm existed, and that Sergeant Valencia was aware of such risk. *See Farmer, supra*.

In his response to the motion to dismiss this cause of action, Plaintiff argues that the references to an unnamed sergeant in paragraphs 23-31 of his complaint were in fact a reference to Sergeant Valencia and that the Court should draw that inference since Sergeant Valencia is the only sergeant mentioned in the complaint. The Court does not believe that is an appropriate inference to draw from the complaint. As argued in Defendant's reply brief, Plaintiff does not assert that Defendant Valencia was a Facility A sergeant, much less the one on duty during his transfer to Facility E. The only references specifically to Sergeant Valencia in the FAC in paragraphs 6 and 40 mentioned above are threadbare and conclusory. They do not state any specific actions or nonaction taken by Sergeant Valencia. Without more than the information stated in paragraphs 6 and 40 in the FAC, the Court cannot draw the inference suggested by Plaintiff. A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant. *May v. Enomoto,* 633 F.2d 164, 167 (9th Cir.1980).

Plaintiff also alleges an Eighth Amendment violation because Defendants Valencia and Paredes "maliciously prosecuted [him] based on fabricated evidence, and punished [him] by extending his incarceration and by confining him to his quarters," in the issuance of an RVR. FAC ¶¶ 41, 58. "A prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports." *Buckley v. Gomez*, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997). Plaintiff cannot pursue an Eighth Amendment claim against Defendant Valencia based on the alleged falsified RVR as the alleged injuries do not constitute cruel and unusual punishment under the Eighth Amendment.

For those reasons, the Court **GRANTS** the motion to dismiss the first cause of action against Defendant Valencia without prejudice.

### B. Second Cause of Action – Supervisory Liability

Defendant argues that the second cause of action should be dismissed in its entirety because Plaintiff has failed to allege facts to support supervisory liability, even under a deliberate indifference standard. Defendants allege that Plaintiff's claim fails because Plaintiff failed to allege any specific facts as to each individual defendant's deliberate indifference and instead made conclusory statements.

A defendant may be held liable as a supervisor under § 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir.1989). "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. "The requisite causal connection can be established ... by setting in motion a series of acts by others, or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca,* 652 F.3d 1202, 1207–1208 (9th Cir.2011) (internal citations omitted) (quoting *Dubner v. City & County of San Francisco,* 266 F.3d 959, 968 (9th Cir.2001)). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1208 (citations omitted).

Plaintiff does not allege that any of the Defendant's in the second cause of action were personally involved in the alleged constitutional deprivation and instead argues that there is a sufficient causal connection between the supervisor's conduct and the constitutional violation. In regard to Defendants Valencia, T. Carranza, Y. Castillo, R. Madden, S. Moore, Plaintiff listed the same identical statement that each of these Defendants "knew about or should have known about the violence that was planned, instigated, encouraged, and facilitated by certain correctional officers under [their] supervision." FAC ¶¶ 6, 7, 8, 9 and 10. In his second cause of action, Plaintiff alleges that

the "brutal attack on Plaintiff Torres was not the first incident involving the use of excessive force against an inmate that occurred with the knowledge, connivance, approval, ratification, encouragement, or involvement of CDCR-CEN officers." FAC ¶ 66. Further, Plaintiff alleges there were prior incidents of excessive force and violence against inmates caused by the wrongful conduct of CDCR-CEN officers that were reported or otherwise brought to the attention of the command staff at CDCR-CEN. But the supervisors and command staff failed to take appropriate corrective action to remedy such violations. FAC ¶ 67.

Plaintiff does not allege any specific incidents of excessive force or violent assaults committed by inmates that occurred prior to October 29, 2020. Plaintiff does not allege when these prior incidents occurred or how these prior incidents were reported or otherwise brought to the attention of command staff at CDCR-CEN. Plaintiff does not allege with any degree of specificity how each of the defendants had knowledge or should have known about prior incidents of violence. Further, Plaintiff does not allege whether those prior incidents of violence were committed by other inmates or by correctional officers. Without any specific facts alleged, Plaintiff fails to show a causal connection between the defendant's alleged wrongful conduct and the constitutional violation. The facts alleged in paragraphs 6, 7, 8, 9, 10 and 67 are vague and conclusory and fail to state a cause of action.

For those reasons, the Court **GRANTS** the motion to dismiss the second cause of action in its entirety without prejudice.

**C. Fourth Cause of Action – Bane Act**

Defendant argues that the fourth cause of action alleging a violation of California Civil Code Section 52.1 should be dismissed in its entirety or at least against Defendant Valencia because Valencia was not present during the incident on October 29, 2020. Defendant also argues that Plaintiff failed to allege that Defendants Paredes or Valencia used violence or threats of violence to interfere with Plaintiff's constitutional rights.

1    Cal. Civ. Code Sec 52.1 provides a right to relief when someone "interferes by threats, intimidation, or coercion … with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]." Cal. Gov't Code § 52.1. To prevail on a § 52.1 claim, a plaintiff must therefore prove (1) a violation of a constitutional or statutory right (2) by intimidation, threats or coercion. *Rodriguez v. County of Los Angeles*, 96 F. Supp. 3d 990, 998 (C.D. Cal. May 29, 2014) (citing *Venegas v. County of Los Angeles,* 153 Cal. App.4th 1230, 1242 (2007)). A Bane Act claim is allowed to proceed as long as the claim relies on a proper constitutional claim. *Parra v. Hernandez*, 2009 WL3818376, at *3 (S.D. Cal. Nov. 13, 2009).

Plaintiff's Bane Act claim is based on an alleged violation of his Eighth and Fourteenth Amendment rights and Article 1, Sections 7 and 17 of the California Constitution. Because as discussed above, Plaintiff has failed to sufficiently state a constitutional violation against Defendant Valencia, the Bane Act claim against Defendant Valencia is dismissed without prejudice. Defendant Paredes does not challenge the constitutional violation alleged against him in the first cause of action. For that reason, the Court finds Plaintiff did sufficiently allege a constitutional violation against Defendant Paredes.

For those reasons, the Court **GRANTS** the motion to dismiss the fourth cause of action against Defendant Valencia and **DENIES** the motion to dismiss the fourth cause of action against Defendant Paredes.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Motion to Dismiss the first cause of action against Defendant Valencia, the second cause of action in its entirety and the fourth cause of action against Defendant Valencia. The Court **DENIES** the Motion to Dismiss the fourth cause of action against Defendant Paredes.

**IT IS SO ORDERED**.

Dated:  June 6, 2023

Honorable James E. Simmons, Jr.
Unites States District Judge